[Crim. No. 12167.   Second Dist., Div. Four.   Oct. 21, 1966.]

THE PEOPLE, Plaintiff and Appellant, v. LUTHER PERRY HOWELL, JR., Defendant and Respondent.

Evelle J. Younger, District Attorney, and Donald J. Kaplan, Deputy District Attorney, for Plaintiff and Appellant.

Morrie Matcha for Defendant and Respondent.

CHANTRY, J. pro tem.*—This is an appeal by the People from an order granting the motion of defendant to dismiss a misdemeanor complaint charging defendant with violation of section 23102, subdivision (a),[1] Vehicle Code (driving under the influence of intoxicating liquor upon a highway) on the ground the offense was barred by the multiple prosecution prohibition of Penal Code section 654.

FACTS: On the evening of January 8, 1966, the defendant is alleged to have participated in the following incidents. While driving his automobile in the City of Monrovia the defendant was involved in a hit-and-run accident. Sometime later the defendant appears to have been implicated in a second automobile accident in the City of Duarte. By failing to stop in Duarte, the defendant was pursued by one Hagan who succeeded in overtaking and stopping him in the City of Azusa. Monrovia is about three miles from Duarte, and Duarte is approximately three miles from Azusa. In response to a radio report of a possible hit-and-run suspect in custody, the Azusa police arrived and conducted an investigation. Defendant was arrested for violation of section 23102, subdivision (a), of the Vehicle Code (drunk driving) and section 647, subdivision (f), of the Penal Code (disorderly conduct). The trial court's statement of facts declares that all three violations occurred "in a single continuing course of driving from the City of Monrovia to the City of Azusa."

On January 10, 1966, a misdemeanor complaint was filed in the Municipal Court of the Santa Anita Judicial District, County of Los Angeles, charging defendant with a violation of Vehicle Code, section 20002, subdivision (a),[2] in the City of

---

*Assigned by the Chairman of the Judicial Council.

[1] "It is unlawful for any person who is under the influence of intoxicating liquor . . . to drive a vehicle upon any highway. . . ." (Veh. Code, § 23102, subd. (a).)

[2] "The driver of any vehicle involved in an accident resulting in damage to any property including vehicles shall immediately stop the vehicle at the scene of the accident and shall then and there either: (1) Locate and notify the owner or person in charge of such property of the name and address of the driver and owner of the vehicle involved, or (2) Leave in a conspicuous place on the vehicle or other property damaged a written notice giving the name and address of the driver and of the circumstances thereof and shall without unnecessary delay notify the police department of the city wherein the collision occurred . . ." (Veh. Code, § 20002, subd. (a).)

Monrovia. On or about January 18, 1966, defendant entered a *nolo contendere* plea and was sentenced.

Also on January 10, 1966, defendant was charged in a misdemeanor complaint filed in the Municipal Court of the Citrus Judicial District, County of Los Angeles, with a violation of Vehicle Code section 23102, subdivision (a). The cities of Monrovia and Duarte are within the territorial boundaries of the Santa Anita Judicial District, which district is contiguous on its easterly boundary with the westerly boundary of the Citrus Judicial District wherein the drunk driving arrest was made. The Azusa officer, after booking of the defendant upon the drunk driving charge, was advised by the Monrovia Police Department regarding the Monrovia accident involving this defendant. On January 28 defendant moved to dismiss this charge on the ground that it was barred by the multiple prosecution prohibition of Penal Code section 654[3] relying upon *People* v. *Morris,* 237 Cal.App.2d 773 [47 Cal.Rptr. 253], and *Kellett* v. *Superior Court,* 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206], relative to successive prosecutions. The motion was granted, and the People appealed from the order setting aside the complaint. The Appellate Department of the Superior Court of Los Angeles County reversed the order of dismissal, and upon application of defendant, certified that transfer of the case to this court appeared necessary to settle an important question of law. This court ordered such transfer for hearing and decision. (Cal. Rules of Court, rules 62, 63.)

QUESTION: Was further prosecution of defendant in the Municipal Court of the Citrus Judicial District on the charge of violating Vehicle Code section 23102, subdivision (a) (misdemeanor drunk driving) barred under the multiple prosecution prohibitions of Penal Code section 654 by his being charged, convicted, and sentenced for violations of Vehicle Code section 20002, subdivision (a) (hit-and-run) in the Municipal Court of Santa Anita Judicial District?

Since both of the charged violations by defendant occurred in a single continuing course of driving from the City of Monrovia to the City of Azusa, which covers a distance of approximately six miles, we think it may be assumed defendant was in

---

[3] "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; *an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. . . .*" (Pen. Code, § 654.) (Italics added.)

about the same state of intoxication at the time both offenses are alleged to have occurred.

Neither the offense of damaging property while driving a vehicle and failing to stop immediately at the scene of the accident for the purposes required by law, nor the offense of driving upon a public highway under the influence of intoxicating liquor is the type of offense necessarily included within the other. (*People* v. *Greer*, 30 Cal.2d 589, 596-597 [184 P.2d 512]; *Neal* v. *State of California*, 55 Cal.2d 11, 18 [9 Cal.Rptr. 607, 357 P.2d 839].) Driving a motor vehicle while drunk is not a necessary element of damaging property and failing to stop for the purposes required by Vehicle Code section 20002, subdivision (a). Nor is the element of damaging property and failing to stop while driving a vehicle a necessary element for driving a car on a public highway under the influence of intoxicating liquor. (Veh. Code, § 23102, subd. (a).) Driving a motor vehicle while drunk can be committed without damage to any property, and damage to property while driving a motor vehicle can be committed without being drunk. The separate offenses with which the defendant was charged in two municipal court judicial districts were separate in time, place, and character. In our opinion the two offenses did not arise out of a single physical act or "out of a course of conduct of such a nature as to amount to a single act, viz., which does not consist of divisible transactions." (*People* v. *Morris*, 237 Cal.App.2d 773, 775 [47 Cal.Rptr. 253].)

In *Kellett* v. *Superior Court*, 63 Cal.2d 822, 824 [48 Cal. Rptr. 366, 409 P.2d 206], the accused ". . . was standing on a public sidewalk with a pistol in his hand. On that day he was charged in the municipal court with committing a misdemeanor in violation of Penal Code section 417 (exhibiting a firearm in a threatening manner). On November 17, 1964, after a preliminary hearing at which it appeared that petitioner had been convicted of a felony, he was charged by information in the superior court with committing a felony in violation of Penal Code section 12021 (possession of a concealable weapon by a person who has been convicted of a felony)."

On January 20, 1965, petitioner pleaded guilty to the misdemeanor and was sentenced to 90 days in jail. He moved in the superior court to dismiss the felony charge on the ground it was barred by Penal Code section 654.

The Supreme Court said (p. 825): " 'Section 654's preclusion of multiple prosecution is separate and distinct from its preclusion of multiple punishment. The rule against multiple

prosecutions is a procedural safeguard against harassment and is not necessarily related to the punishment to be imposed; double prosecution may be precluded even when double punishment is permissible.' (*Neal* v. *State of California*, 55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839].) Thus, the punishment clause of section 654 does not apply when a single act of violence causes injury to several persons. A defendant who blows up an airplane killing all on board or commits an act that injures many persons is properly subject to greater punishment than a defendant who kills or harms only a single person. It does not follow, however, that such a defendant should be liable to successive prosecutions. It would constitute wholly unreasonable harassment in such circumstances to permit trials seriatim until the prosecutor is satisfied with the punishment imposed. By a series of amendments to section 954 that have greatly expanded the scope of permissible joinder, the Legislature has demonstrated its purpose to require joinder of related offenses in a single prosecution. In addition to preventing harassment, joinder avoids needless repetition of evidence and saves the state and the defendant time and money. [Citations.]'' A footnote cites an example in *People* v. *Majors*, 65 Cal. 138 [3 P. 597], of needless harassment, waste of time and money. Majors advised another to commit a robbery in the course of which two people were killed. The killings occurred at the same time, and the same evidence established both killings. He was separately tried and convicted of each crime.

In *Kellett* the court concluded: ''When, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause.''

The case of *People* v. *Morris, supra,* 237 Cal.App.2d 773, involved a prosecution under Vehicle Code section 14601, driving a motor vehicle at a time when defendant's operator's license had been revoked, after a conviction under section 23102, subdivision (a) (driving while drunk). The court, upon certification from the Appellate Department of the Superior Court of Orange County, reversed the judgment in the second case, holding the subsequent prosecution prohibited by section 654 of the Penal Code.

We think the *Morris* case is factually distinguishable from the instant case. Both offenses in *Morris* were the outgrowth of one identical act of operating a motor vehicle, under the dual

conditions stated, at a particular time and place. Because a motor trip is continuous it does not necessarily follow that the driver's acts along the way constitute an indivisible course of conduct.

One violating section 20002 must be a driver of a vehicle, and a principal ingredient of the offense is the failure to immediately stop the vehicle and give certain information—in other words, leaving the scene of the accident. A person may abandon his vehicle and leave by foot, or he may drive away and such driving need not be in an unlawful or negligent manner. Therefore, immediately following the accident in Monrovia, when defendant drove away, it would appear that the one act of driving away violated the two statutes in question. However, the violation of section 20002 was then complete. Although there was a continuous act of driving, we think the drunk driving charge could properly be based upon the subsequent conduct of defendant, as observed by Hagan and two other witnesses, occurring after the collision with Hagan's car in Duarte and his apprehension in Azusa, which conduct was separated in time and place from that involved in the Monrovia incident. The conduct giving rise to the two offenses was divisible.

In our opinion this was not a single act case which prohibited multiple prosecution, or a continuous course of conduct case that was indivisible. The mere fact the two actions were filed in two different judicial districts on two different charges does not per se constitute harassment within the language of the *Kellett* case.

The order of the municipal court is reversed.

Files, P. J., and Jefferson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 14, 1966.