[Crim. No. 5540. Third Dist. Sept. 4, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD CHESTER WASLEY, Defendant and Appellant.

## COUNSEL

George O. Brekke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Carol Hunter, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PIERCE, P. J.**—An information was filed charging defendant with violation of Penal Code section 12021 (possession of a firearm by a convict). He had previously been charged and acquitted on a charge of armed robbery. His assignment of error is multiple *prosecution* under Penal Code section 654. The contention is sound. Following are the facts: A service station was robbed. The operator phoned the California Highway Patrol and described the miscreants and their getaway vehicle. A radio call was broadcast. Three highway patrolmen who received it observed a vehicle answering the description. Defendant was driving the car. With him were two companions. The officers found a .22 caliber revolver in the car. Five shells fitting the revolver were found on defendant's person. Money allegedly stolen from the service station was found hidden in the car. The three were charged with armed robbery. All pleaded not guilty. Defendant was charged with four prior convictions—one in New Mexico in 1952; a second in 1955 for grand theft in Nevada County, California; a third in 1961 also in Nevada County, for issuance of checks with insufficient funds; and a fourth in 1965 in the City and County of San Francisco for possession of a deadly weapon. The two codefendants withdrew their not guilty pleas and were sentenced. Defendant was tried. During the trial evidence estab-

lished that the revolver had been bought from a pawnbroker in Reno. The prior convictions were established. Defendant was acquitted.

Thereafter the prosecutor tried again—for the Penal Code section 12021 violation. After his motion for dismissal was denied, grounded upon "multiple prosecution," he was convicted the second time around.

*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 824 [48 Cal.Rptr. 366, 409 P.2d 206], is controlling. There police officers found petitioner standing on a public sidewalk brandishing a firearm. He was charged in the municipal court with, and pleaded guilty to, a misdemeanor charge of violation of Penal Code section 417. Thereafter he was charged by information in the superior court with committing a felony in violation of Penal Code section 12021. Our Supreme Court issued a writ of prohibition to prevent his trial. The court pointed out that Penal Code section 654 relates to two matters forbidding (1) double punishment and (2) double prosecution. The two do not necessarily rest upon the same rationale. Double punishment occurs "[i]f only a single act or an indivisible course of criminal conduct is charged as the basis for a conviction. . . ." (*Id.* p. 824.) In *Kellett* the Attorney General had sought to distinguish that quoted rule by urging that it had been reasonable to infer that "petitioner possessed the pistol for some time before exhibiting it." But the court stated that the rule prohibiting double *prosecution* had been enacted for quite different reasons: (1) as a procedural safeguard to the accused against harassment, and (2) to protect the "public fisc" against successive prosecutions. *Neal* v. *State of California* (1961) 55 Cal.2d 11, 21 [9 Cal.Rptr. 607, 357 P.2d 839], was cited as the basic case authority, and the court quoting therefrom said (on p. 825): " 'Section 654's preclusion of multiple prosecution is separate and distinct from its preclusion of multiple punishment. [The former] . . . is not necessarily related to the punishment to be imposed; double prosecution may be precluded even when double punishment is permissible.' " The distinction is illustrated by the case of a single act of violence (such as blowing up an airplane) killing many persons where they may be multiple punishment but not necessarily successive prosecutions. The court adds that when "the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted . . . ." (*Id.* p. 827.)

Perhaps when the information was filed, severance was justified due to the presence in the robbery prosecution of several codefendants. After the plea of guilty of the latter that excuse no longer existed. The prosecutor here,

as in *Kellett,* knew every fact necessary to prosecute Wasley under section 12021 at the same time he prosecuted him for robbery.

The Attorney General relied upon *People* v. *Houghton* (1963) 212 Cal. App.2d 864 [28 Cal.Rptr. 351], a decision by this court. It is not in point. It was a "double punishment" case which, as has been stated, is tested by the single, indivisible transaction test.

We do not read either *Kellett, supra,* or *Neal, supra,* as giving previously convicted felons immunity from all possibility of separate prosecution for carrying concealable weapons after a conviction or acquittal in an armed robbery prosecution. (*People* v. *Warren* (1940) 16 Cal.2d 103 [104 P.2d 1024].) This case is restricted to its facts.

Judgment is reversed.

Janes, J., concurred.

**FRIEDMAN, J.**—I dissent, albeit with considerable uncertainty as to the result required by decisions of the State Supreme Court. Undeniably, the majority opinion finds substantial support in *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]. On the other hand, I am unable to find a valid distinction between this appeal and *People* v. *Warren* (1940) 16 Cal.2d 103 [104 P.2d 1024]. In the latter case Warren (an ex-convict) and two codefendants were tried for armed robbery. Testimony elicited the fact that Warren had possessed a gun found in his codefendants' apartments. The codefendants were convicted and Warren acquitted. Warren was then charged and convicted of violating the statute prohibiting gun possession by an ex-convict. The court rejected Warren's claim of multiple prosecution, stating: " ' "A single act may be an offense against two statutes; and if one statute necessitates proof of a different circumstance or element from that which the other requires, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." ' " (*People* v. *Warren, supra,* 16 Cal.2d at p. 111.)

Unfortunately, the *Kellet* opinion did not cite the *Warren* decision and gives no indication of its present vitality.

The problem here is a practical one. Despite heavy evidence of defendant's complicity in the holdup staged by his two companions, the jury foolishly and naively acquitted him. Yet the evidence showed that he had bought the pistol his companions used in the holdup; he admitted owning it; he was arrested in possession of bullets fitting it; he drove the two principals to and from the holdup. After a district attorney is stunned

by such a barbaric verdict, he is not guilty of harassment when he files a second charge, this time under Penal Code section 12021.

There is a tangible distinction between *Kellett* and this case. In *Kellett* the defendant admitted his guilt of the first charge, then resisted later prosecution under the gun law. Here the defendant asserted his innocence of the first charge and the jury agreed with him. If, as found by the jury, he did not participate in the robbery, he did not, within the meaning of Penal Code section 654, indulge in an "act or omission which is made punishable in different ways by different provisions of this Code. . . ." If his own testimony and the jury's verdict in the robbery case are taken at face value, defendant was guilty—completely and undebatably—of only one act, an act which violated Penal Code section 12021.

The problem is not earth-shaking, because a prosecutor may easily guard his case against untoward results by charging all crimes, including the violation of section 12021, in a single complaint. Nevertheless, I would not permit this defendant to blow hot and cold by denying his participation in the criminal course of conduct for one purpose and admitting it for another. While somewhat discomfited by the *Kellett* decision, I would affirm the conviction under the authority of *People* v. *Warren, supra.*

Respondent's petition for a hearing by the Supreme Court was denied October 28, 1970. Wright, C. J., McComb, J., and Burke, J., were of the opinion that the petition should be granted.