[Crim. No. 26186. Second Dist.. Div. Five. Sept. 12. 1975.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL WILLIAM FLINT, Defendant and Respondent.

## Counsel

Joseph P. Busch and John K. Van De Kamp, District Attorneys, John E. Howard, Acting District Attorney, Harry B. Sondheim, Donald J. Kaplan and Philip J. McCarthy, Deputy District Attorneys, for Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Alan C. Oberstein and A. Jane Fulton, Deputy Public Defenders, for Defendant and Respondent.

## Opinion

**KAUS, P. J.**—The People appeal from an order of the superior court dismissing an information charging defendant, Michael William Flint, with grand theft auto (Pen. Code, § 487, subd. 3) and felony joy riding (Veh. Code, § 10851). The dismissal was based on the prohibition against multiple prosecution contained in section 654 of the Penal Code.

## FACTS

At about 2 a.m. on Friday morning, May 17, 1974,[1] Ronald Wilson parked his 1969 Corvette in the parking lot of his apartment complex at 3640 South Sepulveda Boulevard in Los Angeles. He apparently did not use the car on Friday; when he went to get his car on Saturday morning, it was not there. The police were then notified that the car had been stolen.

Meantime, at about 2:20 a.m., early Friday morning, a California Highway Patrol officer observed defendant sitting in the Corvette, which was straddling railroad tracks "like it had been driven down the rails" near the Robertson off-ramp of the Santa Monica Freeway. Smoke was coming from under the car. Defendant stated that he had borrowed the car from a friend; a vehicle check did not reveal any "wants." After doing poorly in field sobriety tests, defendant was arrested on suspicion of driving under the influence of alcohol. The Corvette was impounded.

That day, May 17, a misdemeanor complaint was filed in the Culver City Municipal Court charging defendant with drunk driving. (Veh. Code, § 23102, subd. (a).)[2] He pleaded not guilty. On May 20, a felony complaint charging defendant with the theft and joy riding violations was filed in the West Los Angeles Municipal Court. A few days later, the impounded car was released to the owner.

On June 14, defendant pleaded guilty to the drunk driving charge. In July, defendant was held to answer in this case. He then made a motion to dismiss the charges on grounds of multiple prosecution. The motion was granted.

The misdemeanor and felony complaints were filed by two different deputy district attorneys, both of whom were assigned to the Santa Monica branch of the Los Angeles District Attorney's office. There is no evidence that either was aware of the other's filing, but the trial court found that they should have been. The People do not challenge that finding. Rather, they assert that although the dual prosecutions were inadvertent, they could have deliberately chosen to prosecute defendant in two proceedings.

[1] The record is unclear when the victim parked his car; it may have been early Thursday morning. The trial court, in ruling on defendant's motion, found that the events all occurred early Friday morning.

[2] Defendant was also charged with interfering with a police officer. (Pen. Code, § 148.) This charge was later dismissed.

## DISCUSSION

Penal Code section 654 prohibits both multiple punishment and multiple prosecution. In *Kellett* v. *Superior Court,* 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206], the Supreme Court, construing section 654 in light of the legislative policy of Penal Code section 954,[3] explained the different purposes of the two clauses of section 654. The prohibition against multiple punishment is designed "to insure that the defendant's punishment will be commensurate with his criminal liability." (*Neal* v. *State of California,* 55 Cal.2d 11, 20 [9 Cal.Rptr. 607, 357 P.2d 839].) ■ Multiple prosecution, on the other hand, is prohibited to avoid "needless harassment and the waste of public funds . . . ." (63 Cal.2d at p. 827.) The prohibition comes into play when "the prosecution is or should be aware of more than one offense *in which the same act or course of conduct plays a significant part,* . . . ." (*Id.* at p. 827. Italics added.) Either acquittal or conviction and sentence on one charge will bar the later prosecution.

Neither the purpose of the rule—prevention of needless harassment and waste of public funds; nor the criterion for its applicability—whether the same act or course of conduct plays "a significant part" with respect to each crime—suggests that its applicability in a particular case depends on abstract definitions of the elements of the respective crimes or on the precise moment when, as a matter of law, one crime was completed.[4] What matters, rather, is the totality of the facts, examined in light of the legislative goals of sections 654 and 954, as explained in *Kellett.*

When the problem posed by this case is viewed in that light, decisions which are hard to reconcile when subjected to a technical analysis

[3] Penal Code section 954: "An accusatory pleading may charge two or more different offenses connected together in their commission, . . . ."

[4] Nor is the applicability of section 654 to be determined by distinguishing between the criminal and noncriminal aspects of particular facts. This approach was used in *In re Hayes,* 70 Cal.2d 604 [75 Cal.Rptr. 790, 451 P.2d 430], which held that the prohibition against multiple punishment was not violated where the defendant, as a result of the same act of driving, was convicted and punished both for a violation of Vehicle Code section 14601 (driving with knowledge of a suspended license) and Vehicle Code section 23102 (driving while under the influence of intoxicating liquor). Having in mind the purpose of the prohibition against multiple punishment—proportionality to the defendant's culpability—that approach is logical. No one, however, could sensibly suggest that Hayes could have been subjected to multiple prosecutions. Indeed, the Supreme Court was careful to distinguish *Hayes* from *People* v. *Morris,* 237 Cal.App.2d 773 [47 Cal.Rptr. 253], where, on identical facts, multiple prosecutions were prohibited. (70 Cal.2d at p. 610.)

appropriate in a multiple punishment case, can readily be harmonized. Thus, the People rely exclusively on *People* v. *Howell,* 245 Cal.App.2d 787 [54 Cal.Rptr. 92]. There the defendant was charged separately with hit-and-run (Veh. Code, § 20002, subd. (a)) and drunk driving (Veh. Code, § 23102, subd. (a)). The hit-and-run incident came first, defendant's arrest for drunk driving took place six miles down the road. The court accepted the finding that the violations occurred "in a single continuing course of driving" and assumed that defendant was "in about the same state of intoxication at the time both offenses are alleged to have occurred" (*Id.,* at pp. 789-790), but reversed an order dismissing the second prosecution—hit-and-run—after the defendant had pleaded nolo contendere to drunk driving and been sentenced. The People point out that the *Howell* court stressed that the hit-and-run offense was completed when the defendant left the scene of the accident where he ought to have remained, just as the theft of the car in this case was a completed crime when it was removed from the parking lot where the owner had left it. (E.g., *People* v. *Quiel,* 68 Cal.App.2d 674, 679 [157 P.2d 446].)[5]

If the completion of one crime while the other continues were the sole test, *Howell* is not reconcilable with cases such as *People* v. *Wasley,* 11 Cal.App.3d 121 [89 Cal.Rptr. 418], which held that an ex-felon could not be separately prosecuted for robbery and for possession of the weapon used in that robbery, a violation of Penal Code section 12021. (11 Cal.App.3d at pp. 122-123; see also, *In re Grossi,* 248 Cal.App.2d 315, 321-322 [56 Cal.Rptr. 375]; cf. *Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 824 [unlawful possession of firearm by ex-felon; brandishing a weapon].) Yet, under the "completion" theory, the offense of possessing the firearm was completed as soon as Wasley entered the state as owner or possessor of the gun.[6]

What harmonizes decisions such as *Wasley* and *Howell* is the totality of the facts. Although in *Howell* it was apparently defendant's position that anyone watching his performance in connection with the hit-and-run incident would have known he was drunk, the practicalities of

[5]In a sense even theft is a "continuing" crime. The many cases which hold that a robber who kills in the course of his escape is guilty of first degree murder are based on the theory that the robbery is not completed while the robber attempts to "effect his escape while retaining the object of the crime." (*People* v. *Boss,* 210 Cal. 245, 251-252 [290 P.2d 881]; see also, *People* v. *Ketchel,* 59 Cal.2d 503, 523-524 [30 Cal.Rptr. 538, 381 P.2d 394]; *People* v. *Kendrick,* 56 Cal.2d 71, 90 [14 Cal.Rptr. 13, 363 P.2d 13].)

[6]In *Wasley,* the weapon was purchased in Nevada and the robbery occurred in Yolo County. At the latest, the relevant "completion" of the section 12021 offense was the defendant's entry into Yolo County.

the two crimes demanded separate proofs. The hit-and-run incident could only be proved by witnesses to it and the drunk-driving charge would have been supported by evidence concerning defendant's condition at the time of his arrest, regardless of the fleeting impressions of witnesses to the earlier incident. Thus, whether *Howell* was prosecuted once or twice, the People were bound to paint two separate pictures of his conduct.

In *Wasley* and *Kellett,* on the other hand, the focus of both prosecutions was on a single incident—the robbery in *Wasley,* the weapon-brandishing in *Kellett.* The evidence which connected the defendants with the later crimes adequately proved that they possessed guns on those occasions. To prosecute them again for their connection with the weapons would have meant a recycling of much of the same evidence which the People had to support the earlier prosecutions. The *Wasley* court therefore properly disregarded the fact that the section 12021 charge could have been proved with evidence entirely divorced from the facts surrounding the robbery. The *Kellett* court evidently had no such alternative method of proof to disregard, since—as in this case—there was none.

*Wasley* and *Kellett* are obviously much closer to the facts of this case than is *Howell.* ▉ We may readily grant that the car was stolen several minutes before defendant's arrest, but—the formal testimony of the victim aside—the same incident which furnished the evidence that defendant was driving in an intoxicated condition, also supplied proof that what he was driving was an automobile he had stolen. (*People* v. *McFarland,* 58 Cal.2d 748, 755 [26 Cal.Rptr. 473, 376 P.2d 449].) Further, it was obviously the impounded car which, when matched against the victim's crime report, triggered the theft prosecution.

By zeroing in on the technical point that the theft was completed when defendant removed the car from where the owner had left it, the People invite us to review two hypothetical cases they did not have, rather than the single one which rested on two different desks in the prosecutor's office. They submit that theoretically defendant's asportation of the car could be proved by eyewitnesses to that incident, or that he would have been just as guilty of drunk driving if he had been behind the wheel of a different vehicle at the time of his arrest. If those were the facts, the need to furnish different proofs and defenses to each charge might minimize if not obliterate "needless harassment and the waste of public funds" and one could be hard put to find "the same act or course of conduct" which

forms a "significant part" with respect to each crime. That, however, is not this case.[7]

The order is affirmed.

Stephens, J., and Hastings, J., concurred.

A petition for a rehearing was denied October 15, 1975, by operation of law pursuant to California Rules of Court, rule 27e. Appellant's petition for a hearing by the Supreme Court was denied November 25, 1975.

---

[7]We have discussed the situation from the point of view of the grand theft charge. Our conclusion that its separate prosecution violated *Kellett* makes it an a fortiori proposition that the People cannot proceed on the Vehicle Code section 10851 violation. The same proof would have convicted defendant of that charge. The only differences between theft and a section 10851 violation are these: 1. The defendant's intent need only be to deprive the owner temporarily of possession (*People* v. *Thomas,* 58 Cal.2d 121, 126 [23 Cal.Rptr. 161, 373 P.2d 97]); and, 2. the defendant need not do the actual taking—driving suffices. (See cases collected in *People* v. *Malamut,* 16 Cal.App.3d 237, 241-242 [93 Cal.Rptr. 782].)