[Civ. No. 49225. Second Dist., Div. Three. Oct. 29, 1976.]

CHARLES CLYDE STACKHOUSE, Petitioner, v.
THE MUNICIPAL COURT FOR THE DOWNEY JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

---

COUNSEL

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Rita H. Harris and H. Reed Webb, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Dirk L. Hudson, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**COBEY, J.**—Charles Clyde Stackhouse seeks a writ of prohibition to restrain his trial in respondent court on certain misdemeanor charges. (See *Seiterle* v. *Superior Court,* 57 Cal.2d 397, 399 [20 Cal.Rptr. 1, 369 P.2d 697].) On August 23, 1976, this court granted an alternative writ of prohibition and set the matter for hearing. We now think that the trial of these charges should not be restrained and will therefore deny the peremptory writ.

### FACTS

On February 25, 1976, petitioner was arrested for violation of Vehicle Code section 20002 (hit and run). Petitioner was taken to the Los Angeles County Sheriff's Department at Norwalk where a deputy retrieved from petitioner's car an open container of beer (an apparent violation of Veh. Code, § 23123) and less than an ounce of marijuana (an apparent violation of Health & Saf. Code, § 11357, subd. (b)). A charge of violating Vehicle Code section 23103 (reckless driving) was added later based on the statements of two witnesses who apparently knew nothing of petitioner's other apparent misconduct.

On February 27, 1976, the Los Angeles County Sheriff's Department at Norwalk, pursuant to its policy and practice, issued a citation to petitioner for the alleged violation of Health and Safety Code section 11357, subdivision (b) (possession of less than one ounce of marijuana). This citation was filed directly with respondent court without presentation to or review by the Los Angeles County District Attorney. The clerk issued complaint number M-20561 which instructed petitioner to appear on March 25, 1976.

Petitioner was arraigned on the Vehicle Code charges (hit and run, reckless driving, and open container) (case No. M-20642) on March 5, 1976. He was then without counsel. He pled not guilty and the matter was set for pretrial conference on March 25, 1976, in Division II of respondent court with the understanding that he would obtain private counsel. When petitioner appeared on this date without counsel the case was continued to April 8, 1976. On this date, on petitioner's motion, the case was continued to May 27, 1976.

Meanwhile, on March 22, 1976, petitioner appeared without counsel in response to the marijuana citation[1] (case No. M-20561). The People were not represented. Petitioner pled guilty as charged and was fined $100 plus a $25 penalty assessment.

On April 22, 1976, petitioner moved in respondent court to dismiss case No. M-20642, the nonmarijuana case, on the ground that its prosecution was barred by the rule against multiple prosecutions when different offenses arise out of the same course of conduct. (See Pen. Code, §§ 654, 954.) The motion was denied. Petitioner now requests this court to restrain the trial of these charges in respondent court.

## DISCUSSION

■  Under Penal Code sections 654 and 954, when the prosecution is or should be aware[2] of more than one offense in which the "same act or course of conduct plays a significant part," the offenses must be prosecuted in one proceeding unless joinder is prohibited or severance permitted for good cause. (*Kellett* v. *Superior Court, supra,* 63 Cal.2d at p. 827.) Thus, we must first determine whether the charged offenses in this case were part of one course of conduct.

Several tests have been utilized by the courts to determine whether multiple punishment is barred by Penal Code section 654. (See *In re Hayes,* 70 Cal.2d 604, 607-610 [75 Cal.Rptr. 790, 451 P.2d 430].) Multiple prosecution, however, may be precluded in situations where multiple punishment is proper. (*Kellett* v. *Superior Court, supra,* 63 Cal.2d at p. 825.) Consequently, the tests used for multiple punishment cases are not necessarily applicable to multiple prosecution cases. (*People* v. *Flint,* 51 Cal.App.3d 333, 336-337 [124 Cal.Rptr. 269]. But see *People* v. *Hartfield,* 11 Cal.App.3d 1073, 1078-1079 [90 Cal.Rptr. 274].) Rather, in multiple prosecution cases, all the circumstances in each case must be examined in light of the legislative purposes of sections 654 and 954. (*People* v. *Flint, supra,* 51 Cal.App.3d at p. 336.) These Penal Code sections, as

---

[1]Petitioner claims that he appeared three days early in night court as permitted in the citation so that he would not miss too much work.

[2]We do not know whether in the present case the district attorney was aware that petitioner may have committed a marijuana offense as well as the other violation charged against him. It may be that the arrest report should have alerted him to this possibility. (See *Kellett* v. *Superior Court,* 63 Cal.2d 822, 827-828 [48 Cal.Rptr. 366, 409 P.2d 206].)

interpreted by *Kellett,* protect criminal defendants, public funds and judicial resources from successive prosecutions for crimes which are closely related. (*Kellett* v. *Superior Court, supra,* 63 Cal.2d at p. 826.)

■    When the facts of the present case are examined in light of these legislative purposes, it appears that the multiple prosecutions are not improper in the situation before us. It is true that if petitioner had contested the marijuana citation, he and at least two other witnesses would have been required to attend two trials.[3] Petitioner, however, created his own problems of harassment. His arraignment on the Vehicle Code violations was 17 days before his appearance in response to the marijuana citation. Thus, to avoid possible harassment, petitioner could have consolidated the actions at some time prior to his appearance in response to the marijuana citation. (See *People* v. *Hartfield, supra,* 11 Cal.App.3d at p. 1080.) Additionally, unlike some previous cases, the charges, generally, were not based on crimes which are overlapping in character. (See, e.g., *Kellett* v. *Superior Court, supra,* 63 Cal.2d 822 (brandishing a weapon; ex-felon carrying concealed weapon); *People* v. *Flint, supra,* 51 Cal.App.3d 333 (drunk driving; felony joyriding; grand theft auto); *People* v. *Hartfield, supra,* 11 Cal.App.3d 1073 (assault with deadly weapon; battery; reckless driving); *People* v. *Howell,* 245 Cal.App.2d 787 [54 Cal.Rptr. 92] (drunk driving; hit and run).) The elements of the Vehicle Code and marijuana offenses are not interrelated.

Moreover, *Kellett* states that the rule against multiple prosecutions is inapplicable where, as here, such prosecutions occur because of the lack of a common prosecutor and the risk of waste and harassment of multiple prosecutions is outweighed by the risk that a defendant guilty of a felony will escape proper punishment. (*Kellett* v. *Superior Court, supra,* 63 Cal.2d at p. 828.) In the instant case, although petitioner was charged with only misdemeanors, the Vehicle Code offenses are far more serious than the marijuana offense. For the marijuana offense petitioner was subject only to a monetary fine. (See Health & Saf. Code, § 11357, subd. (b).) For the Vehicle Code offenses, petitioner was potentially subject to imprisonment in addition to a monetary fine. (See Veh. Code, §§ 20002, 23103.) To us the risk that petitioner will escape proper punishment for his alleged Vehicle Code offenses, if proven, far outweighs the risk of strain on judicial resources or harassment of petitioner, which he could have avoided, albeit at some disadvantage to him.

---

[3]The testimony of Officer Amity, who found both the marijuana and the open container in petitioner's car, would have been necessary at both trials. Additionally, Officer Moore, the arresting officer for the hit and run, would have had to testify in the marijuana case to show the chain of custody of petitioner's car.

## Disposition

The petition for a writ of prohibition is denied and the alternative writ is discharged.

Ford, P. J., and Allport, J., concurred.

A petition for a rehearing was denied November 17, 1976, and the opinion was modified to read as printed above. Petitioner's application for a hearing by the Supreme Court was denied December 22, 1976.