[Crim. No. 28957. Second Dist., Div. Five. Feb. 28, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK FLORES HURTADO, Defendant and Appellant.

634

---

**COUNSEL**

Richard E. Erwin, Public Defender, Kenneth Cleaver, Assistant Public Defender, and H. Bruce Kinnison, Deputy Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, and Shunji Asari, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—Defendant appeals from a judgment of conviction for possession of heroin (Health & Saf. Code, § 11350) entered following a court trial on that charge.

### FACTS

At about 1:40 a.m. on December 13, 1975, two California Highway Patrol officers, who were stopped in their patrol car alongside the northbound lanes of the Ventura Freeway, observed a red 1966 Ford Ranchero pickup truck pass by at excessive speed, swerving erratically. The officers gave chase and caught up with the vehicle after it had exited the freeway at the California Street offramp in Ventura. After the Ranchero had been pulled over, one of the officers, who approached defendant, detected a strong odor of alcohol on his breath. Following a series of field sobriety tests, defendant was placed under arrest for drunk driving. Then, while defendant was being handcuffed, he was seen to take an object from his jacket and place it between his legs. The object—a cigarette package—was seized and found to contain 20 rolled balloons filled with a substance later determined to be heroin.

On December 29, 1975, defendant was arraigned in Ventura County Municipal Court on three counts of narcotics offenses—unlawful transportation of heroin (count I, Health & Saf. Code, § 11352), possession of heroin for sale (count II, Health & Saf. Code, § 11351), and possession of heroin (count III, Health & Saf. Code, § 11350). That same day he was charged in a separate case with drunk driving. (Veh. Code, § 23102, subd. (a).) Defendant pleaded not guilty to all charges.

On January 22, 1976, following a preliminary hearing on the narcotics charges, defendant appeared in municipal court on the drunk driving charge, withdrew his not guilty plea and entered a plea of guilty. He was then fined and placed on probation.

Four days later an information was filed as to the narcotics charges, and defendant pleaded not guilty to all counts. Subsequently, defendant made a motion to dismiss the information pursuant to Penal Code section 654. The motion was denied; however, the jury trial which began on March 23, 1976, ended in a mistrial six days later. Ultimately, on May 4, 1976, defendant and all counsel waived a trial by jury and by stipulation of the parties defendant submitted the issue of guilt as to count III only. The court then found defendant guilty of count III, and on May 26, 1976, entered a judgment of conviction.

■ The primary issue raised in this appeal is whether defendant was subject to multiple prosecutions within the proscription of section 654 of the Penal Code, and as interpreted by *Kellett* v. *Superior Court*, 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206], and *People* v. *Flint*, 51 Cal.App.3d 333 [124 Cal.Rptr. 269]. We find no violation of section 654 and consequently uphold the conviction.

## DISCUSSION

In *People* v. *Flint, supra,* this court attempted to reconcile apparently conflicting decisions applying the proscription against multiple prosecution contained in Penal Code section 654,[1] and give practical meaning to the interpretation of that section as set forth in *Kellett* v. *Superior Court, supra.* We there established what might be termed an "evidentiary" test as a guide to determining if the *Kellett* criterion (whether the same act or course of conduct plays "a significant part" with respect to each crime) is met. At page 336 of the opinion, we stated that, "[w]hat matters, [rather than abstract definitions of the elements of the respective crimes or the precise moment when one crime was completed] is the totality of the facts, examined in light of the legislative goals of sections 654 and 954, as explained in *Kellett*." More specifically, if the evidence needed to prove one offense necessarily supplies proof of the other, we concluded that the two offenses must be prosecuted together, in the interests of preventing needless harassment and waste of public funds. (*Id.,* at p. 338.)

Examining this case in light of *Flint* we find that the evidentiary pictures which had to be painted to prove the drunk driving and

[1]Section 654 provides, in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

narcotics offenses were sufficiently distinct so as to permit separate prosecutions of the two offenses. Proof of the drunk driving charge was supplied primarily by the observations of the highway patrol officers made after defendant was stopped and given certain sobriety tests. Proof of the heroin charges hinged upon the discovery of the cigarette package filled with heroin, which occurred after the arrest for drunk driving had been made. Evidence in the two cases, was for the most part mutually exclusive, the only common ground being the fact that defendant was in the moving automobile in possession of the heroin at the same time that he was under the influence of alcohol. Such a trivial overlap of the evidence, however, under *Kellett* and *Flint* does not mandate the joinder of these cases. (Cf. *Stackhouse* v. *Municipal Court,* 63 Cal.App.3d 243, 247 [133 Cal.Rptr. 694].)

 Judgment of conviction is affirmed.[2]

Ashby, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 28, 1977.

---

[2]Defendant's additional contention that the arresting officers had no probable cause to stop him is patently without merit. He contests the findings of fact made at the hearing on the section 1538.5 motion asserting that testimony given by another motorist established that defendant's vehicle was not the one which was speeding and swerving. Given the officers' clear testimony that the speeding car *was* defendant's Ranchero we cannot say the court erred in its probable cause finding by believing the latter witnesses. (See *People* v. *Swanson,* 204 Cal.App.2d 169, 173 [22 Cal.Rptr. 178].)