*Supp.3 Opinion
IBÁÑEZ, J.
Appeal by the People from an order of dismissal. The respondent (defendant) was charged in two counts, (1) violation of Penal Code section 647a, (annoying or molesting a child under 18); (2) violation of Penal Code section 242 (batteiy).
The juiy acquitted the defendant on the latter count but was unable to agree on the former count charging violation of Penal Code section 647a.
The case was assigned for trial on the remaining count to another judge before whom a motion to dismiss was made and granted. This appeal followed. The motion was granted under the authority of Penal Code section 654. We have concluded that the court erred in granting the motion and we reverse.
Statement of Facts
Approximately 5 p.m. on June 8, 1976, Denise W.—an II-year-old girl—was walking alone to a friend’s house. As she was passing the defendant’s second-hand goods store she saw the defendant sitting in a parked truck. The defendant asked her to fold some clothes for him inside his store; Denise agreed. After folding clothes for a period of time, Denise asked to use the bathroom. The defendant showed her to the bathroom and then he proceeded through the bathroom into a small bedroom located immediately adjacent to the bathroom.
After Denise used the bathroom, the defendant grabbed her by the back of her shirt, pulled her into the adjacent bedroom, and pushed her onto the bed. He first asked her for a kiss but she refused. He then started fondling her arm, her chest, and her legs up to her groin area. Approximately one minute thereafter, the defendant’s wife, Mrs. Simmons, opened the door, discovering the defendant and the little girl on the bed in the bedroom.
Later that evening, at approximately 10 p.m., Los Angeles Police Department Officer Hide responded to a call placed by Mrs. Simmons. She reported that at 4:30 p.m. she had been to her husband’s store and had observed him fondling and kissing a small child in the back room of the store. She gave Officer Eide the address of the store and a key to the front door.
*Supp.4 After next speaking with Denise, Officer Eide proceeded to the defendant’s store and placed him under arrest.
Discussion
The People make the following contentions on appeal. (1) Penal Code section 654[1] does not apply to proceedings within a single prosecution and accordingly it does not proscribe the retrial on the count charging a violation of Penal Code section 647a even though the jury acquitted the defendant of the related companion count charging violation of Penal Code section 242. (2) Penal Code section 1023 and section 954 give double jeopardy protection in the context of subsequent prosecutions only. (3) Penal Code section 242 is not a lesser included offense to Penal Code section 647a hence Penal Code section 1023 and section 954 do not apply to terminate the prosecution.
Respondent replies that it is not his “position that the retrial of defendant is barred by double jeopardy, or that Penal Code section 647a charge is ‘necessarily included,’ as defined by Penal Code section 1023. . . . [0]n the facts of this particular case,” the reply continues, “defendant has been acquitted of an identical course of conduct and retrial is barred by the policy against successive prosecutions expressed in section 654.”
The evidence presented to the jury upon which it based its verdict of not guilty as to count 2, (battery), on the one hand, and upon which it could not agree as to count 1, (molesting) on the other is the same; or, as stated by the defendant, it was an “identical course of conduct.” Beginning with this major premise defendant argues that where, as here, there is an “identical course of conduct” the rule of In re Johnston (1935) 3 Cal.2d 32 [43 P.2d 541] and People v. Tophia (1959) 167 Cal.App.2d 39 [334 P.2d 133] bars further prosecution.
Defendant also contends that section 654 is not limited in its application to proscribing separate successive prosecutions within the rule *Supp.5 stated in Kellett, Wasley and Flint.[2] To do so would limit its application to a “device to punish prosecutors who fail to join related offenses.”
The defendant further contends that the rule in People v. Tideman (1962) 57 Cal.2d 574 [21 Cal.Rptr. 207, 370 P.2d 1007], has no application here. It holds that where, in a multiple accusatory pleading, a plea of guilty is entered, the prosecution is not barred from proceeding on the remaining counts. The rule in Tideman, supra, defendant argues, is limited to those situations where a plea to a lesser count is interposed in an effort to frustrate the prosecution from proceeding on the more serious count or counts. Such is not the case where, as here, the jury acquitted the defendant on the companion count, defendant asserts in his argument.
We disagree with the contentions of defendant and conclude that the court was in error in dismissing the action.
Section 954 permits multiple counts in one accusatory pleading. To give it effect it must be construed together with the provisions relating to prosecution in section 654. The same reasons which lead the court in Tideman, supra, 57 Cal.2d 574, to construe section 954 with section 1023 (relating to jeopardy) support our conclusion that the provisions relating to prosecution in section 654 should be construed together with section 954.
“In a single criminal action (pleading any number of counts), no plea of guilty to, or order of dismissal or acquittal of, any separately pleaded offenses, included or otherwise, will bar the progress of that prosecution as to the other counts. The prosecution on such other counts may continue until each, on its own merits, has been severally and finally disposed of by bringing the defendant to conviction and sentence or to acquittal.” [Id., at p. 583.]
We conclude also that the action of the trial court in dismissing the action is not supported by any other authority including In re Johnston (1935) 3 Cal.2d 32 [43 P.2d 541] and People v. Tophia (1959) 167 Cal.App.2d 39 [334 P.2d 133], cited by defendant.
Defendants in Johnston, supra, 3 Cal.2d 32 were charged in multiple counts. The matter came before the court on a petition for a writ of *Supp.6 habeas corpus. In a first series of counts specific acts were stated and alleged to be in violation of the Corporate Securities Act of this state (CSA).
In another count the defendants were charged with conspiracy to commit the identical acts described in the first series of counts.
Verdicts of not guilty were returned on the first series of counts alleging specific violations but verdicts of guilty as to each defendant were returned on the counts of conspiracy.
The court granted the writ of habeas corpus holding the verdicts of not guilty to the counts alleging specific violations of the CSA constituted a finding of fact inconsistent with the finding of guilty of conspiracy under the verdict. On this issue the court in Johnston, supra, 3 Cal.2d 32, said that “[practically the identical situation was before the court in Oliver v. Superior Court (1923) 92 Cal.App.94 [267 P. 764] . . .” in which the court said: “ ‘But here the conclusion cannot be escaped that since each crime, considered and described collectively as a single entity, is alleged to be an overt act, and as the jury fully acquitted these petitioners of each overt act thus alleged, the portion of the count charging conspiracy remaining unadjudicated is insufficient to constitute criminal conspiracy. Moreover, considering the record here presented, by finding that none of the overt acts charged as parts of the conspiracy were committed, the jury, in effect, acquitted the petitioners of the offense of conspiracy. This must be so, since one of the overt acts charged must be proved to permit of conviction of conspiracy under section 1104 of the Penal Code.’ ” (Johnston, supra, at p. 35, quoting Oliver, 92 Cal.App. at pp. 96-97.)
The court in Johnston held the language in Penal Code section 954, “An acquittal of one or more counts shall not be deemed an acquittal of any other count” not controlling, saying: “The section was manifestly adopted for the purpose of enabling the prosecutor to designate or name the offenses by two or more names or designations and of making it impossible for the defendant to escape by reason of an error in designation of the crime. The proviso was written into the section for the purpose of declaring the law that a verdict apparently inconsistent shall afford no basis for a reversal where the evidence is sufficient to support the conclusion that the defendant is guilty of the offense of which he stands convicted. But we cannot construe it to mean that an indictment or information charging conspiracy is sufficient without the allegation of an overt act, nor that such an indictment or information furnishes the basis *Supp.7 for a judgment of conviction when the defendant has in fact been acquitted of every overt act alleged. This conclusion is corroborated to a degree by the case of People v. Koehn, 207 Cal. 605 [279 Pac. 646], wherein it was held, where two counts were inconsistent, not as a matter of pleading but as a matter of evidence, that the defendant, though found guilty of both, must be held to be acquitted on one of the two counts. The pertinent part of that opinion reads as follows: ‘Returning to the question of whether a conviction on both counts of the information may be sustained, we are of the view that the two conclusions are inconsistent with each other and cannot be reconciled by the application of any rule by which the purposes of a rational mind may be determined.’ ” (Johnston, supra, 3 Cal.2d at p. 36.)
People v. Tophia (1959) 167 Cal.App.2d 39 [334 P.2d 133] cites Johnston, supra, 32 Cal.2d 32, but, unlike Johnston, concludes that the verdict of acquittal of assault with a deadly weapon and the findings of fact implicit in the verdict were hot inconsistent with the verdict of guilty of manslaughter. The judgment of conviction was affirmed. The court points out in Tophia, supra, that the People (respondents) properly relied on Penal Code section 954 and its express language that an acquittal of one count shall not be deemed an acquittal of any other count “and a line of cases beginning with People v. Amick 20 Cal.2d 247 [125 P.2d 25], holding generally that under section 954, Penal Code, ‘an apparent inconsistency of verdicts arising from different interpretations of the same facts afford no basis for reversal of conviction.’ ” (Id., at p. 43.) Finding no inconsistency in the verdicts the court held that the rule “holding that when two findings of fact are in irreconcilable conflict the one less favorable to [the] defendant must be set aside” (id., at p. 44) did not apply.
We turn to the facts before us to determine whether there is an irreconcilable conflict between the verdict of acquittal of Penal Code section 242 (battery) and the unresolved count charging the defendant with section 647a (annoying or molesting child under 18).
We conclude that there was no irreconcilable conflict between the two counts hence the rule in In re Johnston, supra, 3 Cal.2d 32, does not apply. Penal Code section 647a is broader in scope than Penal Code section 242. The former covers conduct which disturbs, irritates, vexes, troubles, irks or offends the victim. But even if the victim herself were not so affected by the conduct, there is nonetheless a violation if a “normal *Supp.8 person would unhesitatingly be disturbed or irritated by it.” (CALJIC No. 16.441.)
The implicit findings of fact in the verdict of acquittal of Penal Code section 242 did not preempt all other findings of fact which would be implicit within a verdict of guilty of Penal Code section 647a. A jury could consider as a factual base that a violation of Penal Code section 647a occurred from the time that the defendant enticed the victim into folding clothes for him to the moment defendant’s wife entered into the room. Even though the jury might have found that the touching was consented to by the victim and hence was not a violation of Penal Code section 242, the application of the objective test of Penal Code section 647a as applied to the touching could constitute a violation of this section if “a normal person would unhesitatingly be disturbed or irritated” by defendant’s conduct towards the victim.
Based upon the foregoing analysis of the authorities, we conclude that the court erred in dismissing the complaint.
The order of dismissal is reversed.
Cole, P. J., and Bigelow, J., concurred.

Section 654. “An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. In the cases specified in Sections 648 . . . and 668, the punishments therein prescribed must be substituted for those prescribed for a first offense, if the previous conviction is charged in the indictment and found by the jury.”
Hereinafter all references to section numbers, unless otherwise noted, are to the Penal Code.

Kellett v. Superior Court (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]; People v. Wasley (1970) 11 Cal.App.3d 121 [89 Cal.Rptr. 418]; People v. Flint (1975) 51 Cal.App.3d 333 [124 Cal.Rptr. 269].