[No. B051564. Second Dist., Div. Five. June 19, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT MEZA, Defendant and Respondent.

363

## COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Plaintiff and Appellant.

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff and Bernadette Everman, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**TURNER, P. J.**—The People appeal from an order pursuant to Penal Code section 1387[1] dismissing an amended information which alleged respondent committed two counts of driving under the influence of alcohol causing injury and suffered a prior felony conviction for which he served a separate

---

[1]Penal Code section 1387 provides in relevant part, "An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995 . . . where subsequent to the dismissal of the felony . . . the judge or magistrate finds that substantial new evidence has been discovered by the prosecution which would not have been known through the exercise of due diligence at or prior to the time of termination of the action or that the termination of the action was the result of the direct intimidation of a material witness, as shown by a preponderance of the evidence." Additionally, the final paragraph of Penal Code section 1387 provides that multiple dismissals of a felony charge do not bar prosecution under certain circumstances which are not applicable to the present case.

prison term. (Veh. Code, § 23153, subds. (a) & (b)[2]; Pen. Code, § 667.5, subd. (b).) The People contend: "The trial court erred in granting the motion to dismiss since [Penal Code] section 1387 does not bar the instant action."

The preliminary hearing transcript established that at about 1:51 a.m. on July 20, 1988, John Pilgreen (Pilgreen) reported that respondent was one of two persons who had stolen his car from an Alhambra parking lot. Respondent drove away in Pilgreen's car. A few minutes later and about a mile away, Pilgreen's car collided with an Alhambra police vehicle injuring a police officer. Respondent was taken to a hospital, where a sample of his blood was taken. A blood-alcohol analysis dated July 28, 1988, reflected that respondent's blood-alcohol level was .16 percent.

A felony complaint filed in case No. A577236 alleged that respondent and the codefendant Contreras committed robbery and a violation of "Vehicle Code § 10851." As a result of those charges, respondent "received 12 months for a parole violation." On December 1, 1988, case No. A577236 was dismissed on "the court's" motion since "the victim had not been personally served."

On January 5, 1989, the People refiled the same two counts, robbery and a violation of Vehicle Code section 10851, subdivision (a), as case No. A578592. In February 1989 respondent requested that he be brought to trial pursuant to Penal Code section 1381. No action was taken on the request. On July 10, 1989, respondent was released from prison and arrested. On July 21, 1989, case No. A578592 which charged robbery and a violation of Vehicle Code section 10851, subdivision (c) was dismissed in municipal court pursuant to Penal Code section 1381.

On that same date, the People filed the complaint in the present case No. GA000269, which alleged the aforementioned driving under the influence of alcohol offenses. The superior court granted respondent's motion to dismiss, finding that the driving under the influence of alcohol and causing bodily

---

[2]Vehicle Code section 23153, subdivision (a), provided at the time that respondent was alleged to have driven under the influence of alcohol, "It is unlawful for any person, while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." Vehicle Code section 23153, subdivision (b) provided in 1988, "It is unlawful for any person while having 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of a vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

injury offenses were transactionally related to the July 20, 1988, incident and prosecution was barred pursuant to Penal Code section 1387.

■ The People's contention that the "trial court erred in granting the motion to dismiss since [Penal Code] section 1387 does not bar the instant action" is well taken. Violations of Vehicle Code section 23153, subdivision (a) or (b) could have been committed without engaging in the conduct alleged in the twice dismissed robbery and "Vehicle Code section 10851" offenses. Neither driving under the influence charge was "the same offense" within the meaning of Penal Code section 1387 as either of the twice dismissed charges. Dismissal of the two driving under the influence offenses pursuant to Penal Code section 1387 was error.

The present factual scenario is different from three cases relied upon by respondent, *Dunn* v. *Superior Court* (1984) 159 Cal.App.3d 1110, 1117-1119 [206 Cal.Rptr. 242], *Wallace* v. *Municipal Court* (1983) 140 Cal.App.3d 100, 104-107 [189 Cal.Rptr. 886], and *People* v. *Flint* (1975) 51 Cal.App.3d 333, 339 [124 Cal.Rptr. 269]. In *Dunn*, the court held that two prior dismissals of a simple kidnapping charge pursuant to Penal Code section 207 "should bar a prosecution for kidnaping for the purpose of committing robbery on the theory that to charge the greater would be also to charge the lesser an additional and prohibited third time." (*Dunn* v. *Superior Court, supra*, at p. 1118.) In *Dunn*, the newly charged offense was a greater offense of the lesser and necessarily included twice dismissed kidnapping charge. Quite obviously, the asportation which was an essential element of both the kidnapping and the aggravated kidnapping charge would necessarily involve the same conduct. Furthermore, in *Dunn*, relying upon *Wallace* v. *Municipal Court, supra*, at pages 107-109, the Court of Appeal concluded that the twice dismissed robbery charge could not be filed on the third occasion as an auto theft. The court noted that "the essence of the auto theft and robbery is the same since the robbery was specifically alleged to be the taking of the same automobile." (*Dunn, supra*, at pp. 1118-1119.) *Dunn* is quite obviously different from the present case. One can drive under the influence of alcohol and commit bodily injury against another person without committing a robbery or a violation of Vehicle Code section 10851. Accordingly, *Dunn* is inapplicable to the present factual situation.

Additionally, *Wallace* v. *Municipal Court, supra*, 140 Cal.App.3d at pages 104-107 does not support respondent's contention. In *Wallace*, the court held that the "essence" of a charge of violating Vehicle Code section 23152, subdivision (b), which at the time required that defendant drive with more than .10 percent of alcohol in her or his blood, was not the same as a violation of subdivision (a) of the same offense which prohibited driving

under the influence of alcohol. (*Wallace, supra,* at p. 104.) Certainly, if driving with more than a certain percentage of alcohol in the blood is not the essence of the same offense of driving under the influence of alcohol, then driving under the influence of alcohol and causing bodily injury as defined in Vehicle Code section 23153, subdivision (a) is not the essence of a robbery or a violation of Vehicle Code section 10851, subdivision (a). The same is true as to the charge in this case that respondent violated Vehicle Code section 23153, subdivision (b).

Finally, nothing in *People* v. *Flint, supra,* 51 Cal.App.3d at page 339 cited by respondent compels an affirmance of the dismissal order. That case, relying upon *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822, 827 [48 Cal.Rptr. 366, 409 P.2d 206] affirmed a dismissal pursuant to Penal Code section 654, which bars prosecution following a previous "acquittal or conviction and sentence." (*People* v. *Flint, supra,* 51 Cal.App.3d at p. 336; Pen. Code, § 654.) As to the two prior dismissals which preceded the filing of the complaint in the present case, there was no "acquittal or conviction and sentence." (*Ibid.*)

## DISPOSITION

The dismissal order is reversed.

Ashby, J., and Grignon, J., concurred.

Respondent's petition for review by the Supreme Court was denied September 18, 1991.