[No. G004141. Fourth Dist., Div. Three. June 25, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN RICHARD BAS, Defendant and Appellant.

**COUNSEL**

Robison D. Harley, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Maxine P. Cutler, Holly D. Wilkens, Janelle B. Davis and Pat Zaharopoulos, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CROSBY, J.**—Kevin Bas appeals from a judgment entered on his plea of guilty to two felonies, causing injury to another while driving under the influence of alcohol and with a blood alcohol level of .10 or above. He claims the convictions must be reversed because he was twice in jeopardy for the same offense and the Penal Code section 654 prohibition on multiple prosecutions for the same act was violated. We agree his previous guilty plea to the infraction of failure to yield the right of way, entered with the district attorney's full knowledge, barred his felony-drunk driving prosecution, which was based in part on the same failure to yield and specifically pleaded as an element of both felony offenses.

I

On September 3, 1984, Bas drove two friends from a Newport Beach party where they had been drinking and caused a collision in which the occupants of both vehicles were injured. His blood alcohol level was .26.

Bas was originally charged with two misdemeanors, driving on a suspended license and without a license in possession, and two infractions, an illegal left turn and failure to yield the right of way (Veh. Code, § 21801, subd. (a)). The felony complaint followed. Both felony counts alleged that while driving, Bas did "an act forbidden by law in violation of Vehicle Code Section 21801(a) [failure to yield the right of way] . . . which act . . . proximately caused . . . bodily injury to [the victims]."

At the preliminary hearing on the felony charges, both the misdemeanor and felony files were before the magistrate. Bas announced his intention to plead guilty to the entire misdemeanor complaint. Defense counsel forthrightly explained that, in his opinion, once Bas was convicted and sentenced on the traffic offenses, the felony prosecution would be barred by double jeopardy principles and Penal Code section 654. The deputy district attorney, an experienced prosecutor whose office was in charge of both cases, urged the magistrate to reject the guilty plea.

The matter was put over; and the next day after researching the issue and conferring with other deputies, the prosecutor correctly conceded the mag-

istrate could not reject the guilty pleas. (See *People* v. *Reza* (1984) 152 Cal.App.3d 647, 654 [199 Cal.Rptr. 664].) Then, rather incredibly, given the opportunity to research and reflect on the matter, he stated, "if the defendant wants to plead guilty to the misdemeanor complaint, that's agreeable with us, and ... we are confident we can prevail on any double jeopardy motion ...."

Bas's guilty plea to all the charges contained in the misdemeanor complaint was accepted. Sentencing was deferred for approximately a month pending a probation report, and he was then granted probation on condition he serve 30 days in jail and pay a fine.

Meanwhile, Bas was held to answer on the felony counts; and after he served the misdemeanor jail sentence and paid the fine, he entered a plea of former jeopardy and also moved to dismiss the information based on the Penal Code section 654 bar to multiple prosecutions. That section provides in part, "[A]n acquittal or conviction and sentence under [this Code] bars a prosecution for the same act or omission under any other." The court rejected both contentions, stating, "[T]he defendant was aware of both the misdemeanor and the felony at the time that he entered his plea, there would be no harassment which is the basic purpose of [section] 654, he could have moved to have the cases joined." Bas then pleaded guilty to the felony counts, and the superior court issued a certificate of probable cause.

## II

Since the Penal Code section 654 question presents a compelling case for reversal, it is necessary to address only that issue in depth. *In re Dennis B.* (1976) 18 Cal.3d 687 [135 Cal.Rptr. 82, 557 P.2d 514] is a very similar case. There, a minor who struck a motorcyclist was convicted in a juvenile court proceeding of an unsafe lane change and fined $10. Three weeks later, he was charged with vehicular manslaughter based on the same conduct. He presented the identical arguments advanced here and prevailed on neither. But the opening line of the Supreme Court's opinion explains the difference which distinguishes our case: "We determine here that *absent evidence of timely prosecutorial knowledge* of multiple offenses, a person's violation of the Vehicle Code ... for a mere infraction does not bar the People from trying him on homicide charges arising out of the same prohibited act." (*Id.*, at.p. 690, italics added.) In this case, of course, the prosecutor was not merely on notice; he had a day to study the matter with a complete warning as to the defense intentions.

The *Dennis B.* analysis of Penal Code section 654 builds on the foundation of *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409

P.2d 206]. ■ Penal Code section 654 embodies the public policy against successive prosecutions for the same conduct "[w]hen, as here, the prosecution *is or should be aware* of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence." (*Id.,* at p. 827, italics added.) The reason is this: "The policy which supports Penal Code sections 954 [joinder of offenses] and 654 is that of requiring a joinder of related offenses in a single prosecution in order to prevent harassment of a defendant and to save both the People and the defendant time and money required in the presentation of a needless repetition of evidence." (*In re Johnny V.* (1978) 85 Cal.App.3d 120, 139 [149 Cal.Rptr. 180].)

In *Dennis B.* the court focused on the prosecution's role in pressing the traffic case, noting, "Our task then is to ascertain whether the prosecution [knew or] should have known of the two offenses . . . ." (*In re Dennis B., supra,* 18 Cal.3d at p. 694.) The district attorney in that case "played only a limited role in the prosecution of routine traffic offenses . . . ." (*Id.,* at p. 693.) The police officer who issued the citation investigated, arranged for the witnesses, and testified; no prosecutor even appeared. (*Id.,* at p. 694.) The district attorney merely issued subpenas as requested by the officer and signed wholesale stipulations accepting judges pro tempore. (*Ibid.*) On those facts, the court held the proscription against successive prosecutions inapplicable because the circumstances were not such that the prosecution *was aware* or *should have been aware* of the traffic proceeding. (*Id.,* at pp. 692-693, 696.)

■ In light of the opening line of *Dennis B.* quoted above, we are puzzled that the prosecutor here could have proceeded in such a cavalier fashion. He was told *exactly* what he was risking, i.e., a probable bar to the felony prosecution. Although he had ample opportunity to research the point, he still made an indefensible decision. Contrary to the Attorney General's position, this case is not akin to *People* v. *Hartfield* (1970) 11 Cal.App.3d 1073 [90 Cal.Rptr. 274], where the defendant through "connivance and concealment" prevented the prosecutor from discovering his ex parte plea to a traffic offense until it was a fait accompli. (*Id.,* at p. 1081.)

Nor do we accept the Attorney General's argument that an infraction (as opposed to a misdemeanor) cannot invoke the protections of Penal Code section 654. First, the *Dennis B.* court impliedly held to the contrary. (*In re Dennis B., supra,* 18 Cal.3d at p. 690.) Second, the court expressly stated that for purposes of its analysis, "defendant was involved with committing

an infraction." (*Id.,* at p. 695, fn. 4.) Third, the language of *Dennis B.* the Attorney General cites to support his position has been taken out of context; for the disparity between the seriousness of the offenses is considered only in determining whether the prosecution should have known of the lesser offense, an irrelevant consideration here. (*Id.,* at pp. 694-695.) Fourth, the issue has recently and convincingly been resolved to the contrary in *People* v. *Anderson* (1987) 191 Cal.App.3d 207 [236 Cal.Rptr. 329].

We are likewise unimpressed by the prosecution's suggestion Bas was obliged to move for consolidation to prevent his own harassment. This argument may have merit where the prosecutor of the greater offense is ignorant of the lesser. (See, e.g, *People* v. *Hartfield, supra,* 11 Cal.App.3d at p. 1080.) But after Bas so candidly informed the district attorney of the problem and its likely consequences, it seems to us this particular shoe was on the other foot. The *prosecutor* should have moved for joinder at that point.

The Attorney General complains reversal would be unfair. But as another division of this court once observed, "If the People had their pockets picked in [this] criminal case, it was because they neglected to button down the flaps." (*People* v. *Municipal Court (Martinez)* (1971) 14 Cal.App.3d 362, 366 [92 Cal.Rptr. 248].) Here, the "pickpocket" announced his intention, and the warning was simply ignored.

We should also note that traffic offenders do not routinely draw 30-day jail sentences. Although the complaint alleged misdemeanors as well as infractions (including the one twice pleaded), we have no way of knowing the extent to which the sentence may have reflected the municipal court judge's consideration of the more serious factors raised in the felony prosecution. ■■ ■ ■ ■ To the extent that the judgment may have been influenced by the intertwined evidence of drinking and injury here, Bas is faced with a second punishment for the same acts.[1]

---

[1] Bas's double jeopardy argument is also far from frivolous. A guilty plea is equivalent to a conviction for Penal Code section 1023 purposes. (*Gonzalez* v. *Municipal Court* (1973) 32 Cal.App.3d 706, 714 [108 Cal.Rptr. 612]; *People* v. *Mims* (1955) 136 Cal.App.2d 828 [289 P.2d 539].) As the Attorney General concedes, conviction of a necessarily included offense precludes further prosecution for the greater offense. (*Brown* v. *Ohio* (1977) 432 U.S. 161 [53 L.Ed.2d 187, 97 S.Ct. 2221]; *People* v. *Greer* (1947) 30 Cal.2d 589 [184 P.2d 512]; but see *Garrett* v. *United States* (1985) 471 U.S. 773 [85 L.Ed.2d 764, 105 S.Ct. 2407].) A lesser offense is necessarily included in the greater if specifically charged as a part of the greater offense in the accusatory pleading, even though its elements are not necessarily within the greater crime's statutory definition. (*People* v. *Marshall* (1957) 48 Cal.2d 394, 405 [309 P.2d 456]; *People* v. *Troyn* (1964) 229 Cal.App.2d 181, 184-185 [39 Cal.Rptr. 924].)

In *Marshall,* for example, the defendant was accused only of robbery; but the information unnecessarily alleged that the loot was an automobile. His felony-joy riding conviction was upheld on appeal, although that offense is not ordinarily a lesser included of the crime of rob-

The judgment is reversed with directions to dismiss the information.

Wallin, Acting P. J., and Smallwood, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied September 23, 1987. Mosk, J., was of the opinion that the petition should be granted.

---

bery. Vehicle Code section 21801, subdivision (a), failure to yield, was specifically charged as a component of both felony-drunk driving counts in this case.

True, the *Dennis B.* court observed that the definition of jeopardy for "the same offense" requires identicality. (*In re Dennis B., supra,* 18 Cal.3d 687, 691, fn. 1.) It added, "Under this standard, defendant has not been subjected to double jeopardy. Among their other differences, Vehicle Code section 21658, subdivision (a), requires proof of a lane change and Penal Code section 192, subdivision 3(b), does not; the latter requires proof of death and the former does not." (*Ibid.*) The court concluded double jeopardy was not involved because the offenses were separate: Each could be accomplished without committing the other. (*Id.,* at p. 692.)

But there is nothing to indicate in the court's opinion that the traffic offense was, as in our case, alleged as a component of the felony in *Dennis B.* Here, under the *Marshall-Troyn* rule the defendant could have been tried under the felony charges and convicted of Vehicle Code section 21801, subdivision (a) as a lesser included offense, at least in a bench trial. (See *People v. Sava* (1987) 190 Cal.App.3d 935 [235 Cal.Rptr. 694].) For this reason, although it is not necessary to reach the issue, it appears Bas has a formidable claim that he was improperly subjected to a successive prosecution for an offense for which he had already been placed in jeopardy. (See, e.g., *Kellett* v. *Superior Court, supra,* 63 Cal.2d 822, 825, fn. 2.)

* Assigned by the Chairperson of the Judicial Council